UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**CHRISTOPHER BILLINGS,**

    Plaintiff,

v.                                   Civil Action no. 2:18-cv-00039

**LOWE'S HOME CENTERS, LLC,**

    Defendant.


## MEMORANDUM OPINION AND ORDER

**Pending is plaintiff's Motion to Disclose Treating Doctor, Robert Schopf, Beyond Expert Disclosure Deadline or, Alternatively, to Extend Expert Witness Disclosure Deadline for a Treating Doctor, filed February 25, 2019. Also pending is defendant's motion to strike plaintiff's untimely disclosure of expert witnesses, filed March 1, 2019.[1]**

---

[1] Lowe's states in its memorandum in support of its motion that it received from the plaintiff, on February 25, 2019, the medical records from plaintiff's treatment by Matthew Shortt, PA, C. Lowe's Mem. Supp. Mot. Strike ("Lowe's Mem."), ECF No. 74, at 1 n.1. While plaintiff has not moved for the late disclosure of Mr. Shortt, Lowe's asserts that the arguments applicable to the exclusion of Dr. Schopf would apply to the exclusion of Mr. Shortt. Id. Lowe's also states that the arguments raised in its motion apply to the supplemental report of Elizabeth Davis, one of plaintiff's experts.

## I. Background

On September 13, 2017, plaintiff Christopher Billings, a West Virginia resident and delivery driver for Wood Plus Hardwood Flooring, LLC, was working as a vendor in defendant Lowe's Home Centers, LLC's ("Lowe's) Fayetteville, West Virginia location. Compl., ECF No. 1, at ¶¶ 1, 6. Lowe's is a limited liability company which is principally located in North Carolina. Id. ¶ 3. On that date, an employee of Lowe's who was operating a forklift, ran over plaintiff's left foot. Id. ¶ 9.

The plaintiff initiated this action in this court on January 12, 2018, invoking the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. The plaintiff is bringing a claim for negligence against Lowe's which arises out of the September 13, 2017 incident. Id. ¶¶ 12-16. The plaintiff is seeking, among other relief, both punitive and future damages against Lowe's. Id. at 3-4.

On March 26, 2018, the court entered its scheduling order, which set the following deadlines:

| Deadline | Date |
|---|---|
| Amending the pleadings or joining parties | 05/16/2018 |
| Last date to serve discovery requests | 11/06/2018 |

| Opening Rule 26 expert disclosures | 10/22/2018 |
| --- | --- |
| Responsive Rule 26 expert disclosures | 11/21/2018 |
| Rebuttal Rule 26 expert disclosure | 12/07/2018 |
| Discovery completion date | 12/21/2018 |
| Dispositive motions deadline | 01/10/2019 |
| Response to dispositive motion | 01/24/2019 |
| Reply to response to dispositive motion | 01/31/2019 |
| Settlement meeting | 03/13/2019 |
| Motion in limine deadline | 03/20/2019 |
| Responses for motions in limine | 03/27/2019 |
| Proposed pretrial order to defendant | 03/18/2019 |
| Integrated pretrial order | 03/25/2019 |
| Pretrial conference | 04/05/2019 11:00 AM |
| Proposed jury charge | 04/24/2019 |
| Final settlement conference | 04/29/2019 11:00 AM |
| Trial | 04/30/2019 9:30 AM |

On December 17, 2018 the court granted the parties' joint motion to amend the scheduling order to permit the parties to conduct the deposition of the plaintiff's liability expert. ECF No. 47. This order amended the schedule to the following extent:

| Deadline | Date |
| --- | --- |
| Discovery to close | 01/22/2019 |
| Dispositive motions deadline | 02/11/2019 |
| Response to dispositive motion | 02/25/2019 |

| Reply to response to dispositive motion | 03/04/2019 |
| --- | --- |
| Settlement meeting | 04/15/2019 |
| Motion in limine deadline | 04/22/2019 |
| Responses for motions in limine | 04/29/2019 |
| Proposed pretrial order to defendant | 04/17/2019 |
| Integrated pretrial order | 04/24/2019 |
| Pretrial conference | 05/03/2019 11:00 AM |
| Proposed jury charge | 05/28/2019 |
| Final settlement conference | 06/03/2019 1:30 PM |
| Trial | 06/04/2019 9:30 AM |

The question here is whether the court should allow the plaintiff to disclose--after the deadline for expert disclosures, after the discovery completion date, after the dispositive motions deadline and after the filing of defendant's two motions for partial summary judgment--the medical records and report of a newly engaged physician, Dr. Robert Schopf, with respect to his recent examination and treatment of the plaintiff.

On January 9, 2019, the plaintiff provided an amended Rule 26(a)(2) disclosure[2] which included, for the first time, Dr.

---

[2] The plaintiff served his initial Rule 26(a)(2) disclosures on October 22, 2018, which identified Elizabeth Davis, Nick Barta, Robert Dowling, M.D., Jason Naldo, M.D., Stuart Gardner, M.D., and Lucas Therapies as experts that the plaintiff might call at trial. ECF No. 57-13, Ex. M.

Schopf. ECF No. 71-3, Ex. C, at 2. This disclosure stated that "Dr. Schopf is an orthopedic surgeon who will testify as to his treatment of the plaintiff." Id. This amended Rule 26(a)(2) disclosure came well after the October 22, 2018 expert disclosure deadline and only thirteen days before the close of all discovery. Notably, the plaintiff never sought an extension of the expert disclosure deadline until he filed this motion on February 25, 2019.

Having not received any information about treatment by Dr. Schopf by the close of discovery on January 22, 2019, the defendant filed, on February 11, 2019 (the dispositive motions deadline), a motion for partial summary judgment as to future damages, ECF Nos. 59, 60, as well as a motion for partial summary judgment as to punitive damages, ECF Nos. 57, 58. On that same date, Lowe's also filed a motion in limine to exclude the testimony and report of plaintiff's disclosed expert, Elizabeth Davis. ECF Nos. 63, 64.

On February 14, 2019, the plaintiff served a second amended Rule 26(a)(2) disclosure, again identifying, among others, Dr. Schopf and stating that he "will testify as to his treatment of the plaintiff," yet he did not provide any other information. ECF No. 73-2, Ex. B, at 3. On February 19, 2019, the plaintiff provided Lowe's with the medical records of Dr.

5

Schopf's examination of the plaintiff that took place on February 5, 2019.  See ECF No. 73-3, Ex. C.

On February 25, 2019, plaintiff filed this motion as well as his responses to Lowe's motion for partial summary judgment as to future damages and motion in limine to exclude the testimony of Elizabeth Davis.  ECF Nos. 69, 70, 71.  Attached to plaintiff's motion and responses are the medical records and narrative report of Dr. Schopf's treatment of the plaintiff, which "treatment" appears to be in the form of an examination that did not take place until February 5, 2019.

In the medical records provided by Dr. Schopf, he diagnoses plaintiff with Complex Regional Pain Syndrome ("CRPS").  ECF No. 71-1, Ex. A.  Dr. Schopf's narrative report states that "[i]t is with reasonable medical certainty that Mr. Billings' chronic pain is a result of the injury sustained on 09/13/2017 when his foot was run over by a fork lift" and indicates that the pain may be permanent.  ECF No. 71-2, Ex. B.[3]  The plaintiff, in his response in opposition to Lowe's motion to

---

[3] Lowe's contends in its memorandum in support of its motion to strike, and plaintiff does not dispute, that the findings of Dr. Schopf are not consistent with the medical records provided by plaintiff's other treating physicians.  Lowe's Mem., ECF No. 74, at 8, 14.  Most notably, Dr. Schopf mentions discoloration of the foot and temperature differences between plaintiff's left and right foot, criteria considered by him in his diagnosis of CRPS. ECF No. 71-2, Ex. B.  However, according to the defendant, no other treating physician noted those same symptoms.

strike, notes that he had "received no diagnosis of a permanent condition to a reasonable degree of medical certainty until Dr. Robert Schopf diagnosed him with [CRPS] in February of 2019." Pl.'s Resp., ECF No. 82, at 1-2.

Before the records and report of Dr. Schopf were provided to the defendant, the plaintiff had not provided any medical records to Lowe's since his visit to Lucas Therapies on October 9, 2018. Lowe's Mem., ECF No. 74, at 6 (citing ECF No. 59-13 (sealed)).

The parties have fully briefed both the plaintiff's motion to disclose Dr. Schopf beyond the expert disclosure deadline as well as the defendant's motion to strike plaintiff's untimely disclosure of expert witnesses.

## II. Governing Law

Rule 37(c)(1) of the Federal Rules of Civil Procedure, entitled "Failure to Disclose, to Supplement an Earlier Response, or to Admit," provides:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Court of Appeals for the Fourth Circuit has held that a district court should be guided by the following factors in determining whether a nondisclosure of evidence is substantially justified or harmless under Rule 37(c)(1):

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

S. States Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). The court noted that "surprise to the opposing party, ability to cure that surprise, disruption of the trial, and importance of the evidence" relate to the harmlessness exception, "while the remaining factor – explanation for the nondisclosure – relates primarily to the substantial justification exception." Id. The district court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless." Id.

The Fourth Circuit has also stated that "[t]he party facing sanctions [under Rule 37(c)(1)] carries the burden of showing that the failure to comply with Rule 26(a) was either substantially justified or harmless." Campbell v. United States, 470 F. App'x 153, 156 (4th Cir. 2012) (citation omitted).

III. Discussion

As an initial matter, the plaintiff argues in his response to Lowe's motion to strike the late disclosure of Dr. Schopf that Dr. Schopf is a treating doctor, not a retained expert. Pl.'s Resp., ECF No. 82, at 1. He states that this is important because the case law relied upon by Lowe's deals primarily with retained experts. Id.

The plaintiff's argument, however, is not supported by the record. His motion seeks to disclose Dr. Schopf as a treating doctor well beyond the expert disclosure deadline of October 22, 2018, and far beyond the Rule 26(a) witness deadline. Further, Dr. Schopf first appears in plaintiff's January 9, 2019 amended Rule 26(a)(2) disclosures, and again in the February 14, 2019 second amended and February 22, 2019 third amended Rule 26(a)(2) disclosures, as an expert, "which the plaintiff may call at the trial." The plaintiff seeks to use not only the medical record from his appointment with Dr. Schopf but also Dr. Schopf's narrative report of that same appointment. Regardless, the plaintiff applies the standard set forth above in arguing that the late disclosure of Dr. Schopf should be permitted inasmuch as, he says, it is both substantially justified and harmless. See Pl.'s Mot., ECF No. 71, at 3-4 (citing S. States Rack and Fixture, Inc., 318 F.3d at 597).

A.  Substantial Justification

The plaintiff contends that the late disclosure of Dr. Schopf is substantially justified because the diagnosis of CRPS is "a natural progression of ongoing treatment received by the Plaintiff."  Id. at 3.  Plaintiff further states that Lowe's has been aware of the chronic foot pain that has plagued plaintiff and that the only "new" bit of information arising from Dr. Schopf's treatment is that the chronic pain now has a "formal medical diagnosis," which supports the plaintiff's claim for future damages.  Id.

Moreover, the plaintiff claims that he is justified in this late disclosure because "he has only recently been treated by Dr. Schopf," and that plaintiff identified Dr. Schopf as a treating physician and potential expert as soon as he was referred to him, which he says was a referral by Dr. Hagy, on January 9, 2019.  Id. at 4-5; Pl.'s Resp., ECF No. 82, at 2.  The plaintiff also states that he was "referred to Dr. Schopf after seeing Dr. Hagie [sic], with questions still lingering about the root cause of Plaintiff's chronic foot pain."  Pl.'s Resp. Lowe's Mot. Partial Summary J. Future Damages, ECF No. 69, at 9.

10

The medical records from plaintiff's last shown treatment by Dr. Hagy, which were provided, beyond the discovery deadline, to Lowe's recently on March 14, 2019, concern plaintiff's appointment with Dr. Hagy on September 17, 2018. ECF No. 85-2, Ex. B (sealed). The medical records furnished do not reflect any further physician contact until the plaintiff saw Dr. Schopf on February 5, 2019. Further, Lowe's notes reflect, and the plaintiff does not dispute, that the last medical records Lowe's received prior to the receipt of Dr. Schopf's records on February 19, 2019, were those arising out of plaintiff's October 9, 2018 visit to Lucas Therapies. Lowe's Mem., ECF No. 74, at 7.

The near five-month lapse in physician treatment, from September 17, 2018 to February 5, 2019, does not suggest that the plaintiff was receiving ongoing treatment by a physician. Additionally, at no time did the plaintiff ask the court for an extension so that he might receive additional treatments and include the records or opinions from those treatment providers in the record. The one-month extension of the discovery deadline to January 22, 2019, as set out first above, was sought so that the parties might pursue mediation and take the deposition of one of plaintiff's experts. ECF Nos. 45, 47. The

plaintiff also sought an extension of the trial-related dates, but only due to counsel's having a conflict.  ECF No. 46.

While the plaintiff did disclose Dr. Schopf as a treating physician and potential expert on January 9, 2019, the expert disclosure deadline had expired in October of 2018, and he provided no substantive information regarding Dr. Schopf or his treatment of the plaintiff in the January 2019 disclosure.  Indeed, the plaintiff disclosed him as a potential expert before even having had the "treatment" appointment.  The discovery deadline and the dispositive motions deadline came and went without any information regarding Dr. Schopf's treatment of the plaintiff and without any request for an extension so that such information might be obtained and shared with opposing counsel before the expiration of those deadlines.  The plaintiff had ample time to find someone to diagnose the plaintiff with a medical condition within the deadlines set by the court, and he also had the opportunity to move for an extension of those deadlines so that he might continue to seek a diagnosis.  He failed to do either.

For all of the foregoing reasons, plaintiff's lack of a satisfactory explanation for his failure to disclose Dr. Schopf within the time-periods provided in both the original and

amended schedule indicates that this late disclosure is not substantially justified.

B. Harmlessness

1. Surprise to the party against whom the evidence would be offered

Plaintiff contends that the disclosure of Dr. Schopf's records and report caused Lowe's no surprise because Lowe's was aware he was receiving ongoing treatment of the injury to his left foot, an injury which Lowe's has known about since the filing of this lawsuit. Pl.'s Mot., ECF No. 71, at 5. Plaintiff also notes that there should be no surprise because the plaintiff disclosed Dr. Schopf as a potential expert or treating physician on January 9, 2019, two weeks before the close of discovery. Id. at 4.

The plaintiff's arguments are not persuasive. The key aspect of Dr. Schopf's records and report is that it provides a medical diagnosis for plaintiff's chronic foot pain, CRPS. While Lowe's was aware that the plaintiff's foot was injured, none of the medical records provided to Lowe's diagnosed him with such a condition. CRPS did not become an issue in the case until after the dispositive motions deadline had passed and

Lowe's had filed a motion for partial summary judgment as to future damages. That partial motion for summary judgment is based on the medical evidence of record, which Lowe's believes fails to establish that the plaintiff suffers from any ongoing injury.[4]

Further, while the plaintiff did identify Dr. Schopf in his amended Rule 26(a)(2) disclosures in January 9, 2019, that disclosure still came after the expert disclosure deadline of October 22, 2018. While Lowe's may have been aware that some treatment of Dr. Schopf might be forthcoming when it received that disclosure, the discovery deadline of January 22, 2019 and the dispositive motions deadline of February 11, 2019 expired without the plaintiff having provided any records from Dr. Schopf. Clearly, then, it would have been a surprise for Lowe's to receive evidence concerning Dr. Schopf's treatment of the plaintiff after they had filed their motions for partial summary judgment. This factor weighs against permitting the late disclosure.

---

[4] The court declines to evaluate the medical evidence at this juncture as the motions under consideration are procedural in nature. The court does note again, however, that in its motion to strike, Lowe's states that the opinion of Dr. Schopf is inconsistent with the medical evidence in the record, and the plaintiff does not refute this contention.

## 2. The ability of the non-disclosing party to cure the surprise

Plaintiff asserts that Lowe's could cure any surprise by deposing Dr. Schopf and re-deposing Elizabeth Davis, one of plaintiff's experts, before the trial on June 4, 2019.[5] Pl.'s Resp., ECF No. 82, at 4.

In fact, Lowe's has no ability to cure the surprise, as the expert disclosure, discovery and dispositive motions deadlines have expired. The court would have to aid Lowe's in curing the default by reopening discovery and potentially permitting Lowe's to find its own experts to conduct an independent medical examination of the plaintiff to test the accuracy of Dr. Schopf's diagnosis or rebut the testimony of plaintiff's other experts who might provide an opinion based on Dr. Schopf's reports. Moreover, should the late disclosure be permitted, the basis of Lowe's partial motion for summary judgment as to future damages will necessarily be altered and additional briefing will be needed after any new evidence is placed in the record. Thus, a nearly completely new schedule,

---

[5] The supplemental final report of plaintiff's expert, Elizabeth Davis, depends largely on Dr. Schopf's formal medical diagnosis. This report was also provided after the dispositive motions deadline and is the subject of Lowe's motion in limine, filed February 11, 2019, which seeks to exclude both her preliminary and supplemental reports on plaintiff's future economic damages.

15

beginning with deadlines for designation of experts and discovery, followed by dispositive motions and an extended trial calendar, would be required. Accordingly, this factor also weighs against permitting the late disclosure.

> 3. The extent to which allowing the evidence would disrupt the trial

The plaintiff stated, at the time his motion was filed on February 25, 2019, that trial was a little less than "<u>three (3) months away</u>" and that there was sufficient time for Lowe's to take in the late disclosure and fully prepare for trial without disrupting the date. Pl.'s Resp., ECF No. 82, at 4 (emphasis in original).

Obviously, this assertion is incorrect. Should the plaintiff's late disclosure be permitted, in the interest of justice and fairness, Lowe's would need, at the very least, the opportunity to react and respond as set forth above. This would require substantial time, and the trial date, which is now a month and a half away, would need to be postponed for several months. This factor weighs heavily against permitting the late disclosure.

### 4. The importance of the evidence

The plaintiff asserts that without the medical explanation for his chronic foot pain, Lowe's is entitled to suggest that plaintiff has no evidence to support his claim for future damages. Pl.'s Mot., ECF No. 71, at 5. This assertion is accurate and is the basis for Lowe's motion for partial summary judgment as to future damages. The plaintiff also states that "[t]he withholding of the truth from the jury, at least from Dr. Schopf's expert medical perspective, would not serve the interest of justice nor would it honor the spirit of the Rules of Civil Procedure." Id.

However, this factor must be examined from the perspective of both parties. Brock v. Cabot Oil & Gas Corp., No. 2:17-cv-02331, 2018 WL 850094, at *2 (S.D.W. Va. Feb. 13, 2018) (citing S. States Rack and Fixture, Inc., 318 F.3d at 598). "[I]f the [evidence] is important to the plaintiff's case in the eyes of the jury, then it was even more important to the defendant that the evidence be disclosed in a timely manner." Id. (citing S. States Rack and Fixture, Inc., 318 F.3d at 598-99). Further, the plaintiff is the one who has failed to honor the spirit of the Civil Procedure Rules. This factor weighs rather equally for both parties.

For all of the foregoing reasons, the late disclosure of Dr. Schopf as a treating physician or an expert, and the late inclusion of his medical records or narrative report, is not harmless.

## IV. Conclusion

Ultimately, the plaintiff has not carried his burden of demonstrating that his late disclosure is either substantially justified or harmless. Accordingly, it is ORDERED as follows:

1. That the plaintiff's motion to disclose treating doctor, Robert Schopf, beyond the expert disclosure deadline or, alternatively, to extend the expert witness disclosure deadline for a treating doctor be, and hereby is, denied; and

2. That the defendant's motion to strike untimely disclosure of expert witnesses be, and hereby is, granted, but at this juncture only insofar as such motion applies to the testimony or evidence of Dr. Schopf.

It is further ORDERED that the plaintiff is precluded from using Dr. Schopf's medical records or reports.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record.

ENTER: April 24, 2019

John T. Copenhaver, Jr.
Senior United States District Judge